UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | | |
|---|---|---|
| Housatonic Habitat for Humanity, Inc. | : | |
| Plaintiff, | : | Case No. 3:13-CV-01888 (MPS) |
| | : | |
| v. | : | |
| | : | February 28, 2014 |
| | : | |
| General Real Estate Holdings, LLC | : | |
| Defendant. | : | |

---

## FORM 26(f) REPORT OF PARTIES' PLANNING MEETING

**Plaintiff:**
Housatonic Habitat for Humanity
51 Austin Street
Danbury, Connecticut 06810.

**Defendant:**
General Real Estate Holdings, LLC
220 Main Street
Danbury, Connecticut 06810.

**Date Complaint Filed:**            December 20, 2013
**Date Complaint Served:**           December 30, 2013
**Date of Defendant's Appearance:**  December 27, 2013

## I.  Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed
the nature and basis of the parties' claims and defenses and any possibilities for achieving a
prompt settlement or other resolution of the case and, in consultation with their clients, have
developed the following proposed case management plan.  Counsel further certify that they have
forwarded a copy of this report to their clients.

## II. Jurisdiction

### A. Subject Matter Jurisdiction

Plaintiff asserts that the Court has subject matter jurisdiction over Plaintiff's claims pursuant to Section 107(a) and 113(b) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9607(a) and 9613(b), providing jurisdiction over controversies arising under CERCLA; and pursuant to 28 U.S.C. § 1331, providing jurisdiction over controversies involving federal questions of law.

Plaintiff further asserts that the Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a), providing jurisdiction over state law claims that are derived from the same set of facts and form part of the same case or controversy.

### B. Personal Jurisdiction

Personal jurisdiction is not contested in this case.

## III. Brief Description of Case

### A. Plaintiff's Claims

HH4H purchased from GREH a property located at 21 Hospital Avenue in Danbury, Connecticut (the "Property") for purposes of constructing five affordable housing units. Subsequent to the purchase, HH4H discovered contaminated fill on the Property with concentrations of hazardous substances exceeding applicable regulatory limits. HH4H has incurred remediation costs and experienced project delays and cost increases as a result of the contaminated fill.

In Count One, HH4H alleges that GREH is strictly liable under CERCLA, 42 U.S.C. § 9607(a), as the owner of a property on which a release has occurred.

In Count Two, HH4H seeks a declaratory judgment under CERCLA that GREH is liable for further response costs incurred by HH4H.

In Court Three, HH4H alleges that the Property is an establishment as defined in the Connecticut Transfer Act (the "Transfer Act"), Conn. Gen. Stat. § 22a-134 *et seq.*, and that GREH is strictly liable to HH4H for its failure to comply with the Transfer Act's requirements regarding the transfer of an establishment.

In Court Four, HH4H alleges that GREH's failure to make submissions and disclosures required by the Transfer Act regarding the condition of the Property constitute unfair or deceptive acts, in violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Chapter 735a of the Connecticut General Statutes.

### B. GREH's Defenses and Claims

As to Counts One and Two, GREH understands that no releases of hazardous substances occurred during the period in which GREH owned the Property, and intends to show that the Second Circuit has rejected passive liability under CERCLA for past owners where no releases

occurred during their period of ownership. Additionally, under CERCLA, lenders who do not participate in management are excluded from liability as they are not considered owners or operators. GREH intends to show that it meets the definition of lender under the statute and that it did not participate in management. As a result, GREH bears no liability under CERCLA.

As to Count Three, GREH intends to show that there is no evidence that the Property is an establishment as defined in the Transfer Act, and therefore the Transfer Act does not apply.

As to Count Four, GREH intends to show that because the Transfer Act does not apply, there was no requirement to make any submissions or disclosures under the Act. Moreover, HH4H was advised to conduct due diligence on the Property. As a result, GREH did not commit any unfair trade practices.

In its Counterclaim, GREH alleges that HH4H, as the current owner of the property, is strictly liable under CERCLA. Accordingly, if the Court determines that GREH is liable under CERCLA, GREH asserts that it is entitled to contribution from HH4H for any and all response costs.

### C. Defenses and Claims of Third Party Defendant/s

Not applicable.

### IV. Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. The Savings Bank of Danbury acquired the Property from 21 Hospital Avenue, LLC, on or about December 30, 2009.
2. GREH obtained the Property from the Savings Bank of Danbury on or about February 2, 2010.
3. A portion of the Property was operated as a commercial greenhouse for some period of time prior to GREH acquiring the Property.
4. The Parties agreed to a purchase price of $300,000 for the Property.
5. The Property was conveyed to HH4H on December 21, 2010, by quitclaim deed.
6. GREH did not file any forms under the Transfer Act.

### V. Case Management Plan

#### A. Standing Order on Scheduling in Civil Cases

Plaintiff requests modification of the deadlines in the Standing Order on Scheduling in Civil Cases as set forth in Section V.E below.

The defendant does not seek modification of the deadlines in the Standing Order, and therefore takes no position with respect to Sections V.D., V.E.b.-i., V.F., V.G. and VI.

**B.  Scheduling Conference with the Court**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

**C.  Early Settlement Conference**

1.  The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Based on the parties' discussions to date, settlement may be enhanced by use of the following procedure: settlement conference.

2.  Plaintiff requests an early settlement conference.  The defendant does not join in this request.

3.  The Plaintiff prefers a settlement conference with a Magistrate Judge.  Since the defendant does not join in the request for a settlement conference, it takes no position on this matter.

4.  The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D.  Joinder of Parties and Amendment of Pleadings**

1.  HH4H should be allowed until February 20, 2014, to file motions to join additional parties and to file motions to amend the pleadings.

2.  GREH should be allowed until February 20, 2014, to file motions to join additional parties.

**E.  Discovery**

a.  The parties anticipate that discovery will be needed on the following subjects:

    1.  GREH's knowledge of the environmental condition of the Property.
    2.  The status of the Property as an establishment under the Transfer Act.
    3.  The transaction between the Savings Bank of Danbury and GREH.
    4.  Representations made by GREH to HH4H regarding the Property.
    5.  HH4H's due diligence regarding the Property.
    6.  Statements made by the real estate broker regarding the Property, and HH4H's response to those statements.

b.  Discovery will be commenced by February 17, 2014, and will be completed by September 1, 2014.

c.  Discovery will be conducted in phases.

d.  Fact discovery, including depositions of fact witnesses, will be completed by May 16, 2014.  Expert discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will commence immediately upon the close of fact discovery.

e.  The parties anticipate that HH4H will require no more than 6 depositions of fact witnesses and that GREH will require no more than 3 depositions of fact witnesses.

f.  The parties will not request permission to serve more than 25 interrogatories.

g.  HH4H intends to call expert witnesses at trial.  Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by June 1, 2014.  Depositions of such experts will be completed by July 1, 2014.

h.  GREH intends to call expert witnesses at trial.  GREH will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by a date thirty days after the deadline for disclosing plaintiffs' experts.  Depositions of such experts will be completed by a date thirty days after the deadline for disclosing defendants' experts.

i.  A damages analysis will be provided by HH4H by May 1, 2014.

j.  Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.  The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:

In accordance with Local Rule 26, the parties agree and understand that, for purposes of all discovery requests, the term "document" shall encompass, and the response shall include, electronically stored information, as included in the Federal Rule of Civil Procedure 34, unless otherwise specified by the requesting party.  The parties further agree that, under Rule 34, if the requesting party has not designated a form of production in its request, or if the responding party objects to the designated form, then the responding party must state in its written response the form it intends to use for producing electronically stored information.  Otherwise, no special requirements for electronic discovery were deemed necessary at this time.

.
k.  Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  The parties agree to the following procedures for asserting claims of privilege after production:

Electronic documents that contain privileged information or attorney work product shall be immediately returned if the documents appear on their face to have been inadvertently

produced or if there is notice of the inadvertent production. All copies shall be returned or destroyed by the receiving party.

A party asserting privilege will produce a Privilege Log in accord with Local Rule 26(e).

## F. Dispositive Motions

Dispositive motions will be filed on or before November 1, 2014.

## G. Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed no later than 45 days after the Court's ruling on dispositive motions, to the extent that claims remain to be tried at that time. In the event that no dispositive motions are filed, the joint trial memorandum will be filed by December 1, 2014.

## VI. TRIAL READINESS

The case will be ready for trial 60 days after the Court's ruling on dispositive motions, to the extent that claims remain to be tried at that time. In the event that no dispositive motions are filed, the case will be ready for trial by January 15, 2015

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

## For Plaintiff

By: /s/ Douglas A. Cohen                    Date: February 28, 2014
Douglas A. Cohen
Brown Rudnick LLP
185 Asylum Street
Hartford, CT 06103-3402
dcohen@brownrudnick.com
(860) 509-6511

## For Defendant

By: /s/ Michael J. Donnelly                 Date: February 28, 2014
Michael J. Donnelly
Murtha Cullina LLP
CityPlace I, 185 Asylum Street
Hartford, CT 06103-3469
Direct: 860-240-6058
Fax: 860-240-5858
mdonnelly@murthalaw.com

61589580 v1-WorksiteUS-000004/1545