UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HOUSATONIC HABITAT FOR HUMANITY, INC., : | No. 3:13-cv-01888 (MPS) |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GENERAL REAL ESTATE HOLDINGS, LCC, | : | June 5, 2015 |
|     Defendant. | : | |

_____

**MEMORANDUM OF DECISION**

**I.    Introduction**

This case involves allegations by plaintiff Housatonic Habitat for Humanity, Inc. ("Habitat") that the defendant General Real Estate Holdings, LCC ("GREH") sold it land with environmental contamination requiring costly remediation, in violation of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601 *et seq.* ("CERCLA"), the Connecticut Transfer Act, Conn. Gen. Stat. §§ 22a-134 *et seq.*, and the Connecticut Unfair Trade Practices Act, §§ 42-110 *et seq.* As described further herein, Habitat's conduct in this case led the Court to threaten to impose sanctions. After closely considering its authority to impose sanctions, under both Rule 11 of the Federal Rules of Civil Procedure and its inherent power, and further considering the full history of Habitat's conduct, the Court will not impose sanctions.

**II.    Background**

The case was originally filed on December 20, 2013, with GREH filing an appearance on December 27, 2013. After the parties failed to submit a timely planning report required by D. Conn. L. R. 26(f), the Court ordered the parties to submit the report by March 4, 2014. The parties filed the report on February 28, 2014. On March 3, 2014, the Court entered a scheduling

order under which discovery was set to close on September 1, 2014. The Court also approved the parties' case management plan, under which discovery would occur in phases, with fact discovery closing on May 16, 2014.

On April 8, 2014, GREH electronically filed a motion for summary judgment. Habitat electronically filed its opposition to the motion for summary judgment at 4:25pm on April 29, 2014. Five minutes later, at 4:30pm the same day, Habitat electronically filed a three-page motion to stay discovery pending a ruling on summary judgment, which was joined by GREH. The motion to stay discovery contained the following representations:

> A stay of discovery in this case is appropriate because:
> 1. The defendant's motion for summary judgment, if granted, would terminate this litigation, making discovery unnecessary.
> 2. Discovery in this case is likely to be extensive and very costly to the parties, given the nature of the claims and the factual questions involved. Conducting discovery and any proceedings related to it before the motion for summary judgment is decided would force both parties and the Court to expend significant effort and resources prematurely.
> 3. Counsel for both parties have conferred and agreed that a stay of discovery is in the interest of both parties.

ECF No. 31. Based on those representations and its general familiarity with the procedural posture of the case, but without having reviewed the parties' summary judgment submissions, the Court granted the motion to stay discovery on April 30, 2014.

The Court later reviewed the summary judgment submissions and learned that Habitat's opposition to summary judgment rested almost entirely on the argument that GREH "*inexplicably* moved for summary judgment . . . before any meaningful discovery has been completed" in a "thinly-veiled attempt to prevent [Habitat] from discovering evidence that will establish GREH's liability." ECF No. 30 at 1 (emphasis added). Habitat contended that GREH's motion was premature and Habitat was entitled to further discovery, including on the issue of whether GREH was exempted from CERCLA under the "lender exemption."

2

On January 23, 2015, the Court ordered Habitat to file an affidavit under Fed. R. Civ. P. 56(d) identifying areas in which additional discovery could lead to genuine issues of material fact, and to show cause as to, among other things, why little to no discovery was conducted between the entry of the scheduling order on March 3, 2014, and the order staying discovery on April 30, 2014, and why Habitat moved to stay discovery if it already knew that it needed further discovery in order to oppose the motion for summary judgment filed by GREH three weeks earlier. The Court also ordered GREH to show cause why it moved for summary judgment a mere two months into discovery, with time remaining for Habitat to inquire further into potential disputes of fact, why it chose to join in a motion to stay discovery if it wanted the Court to adjudicate the motion for summary judgment on a full evidentiary record, and why, once apprised of Habitat's position, it did not seek to lift the discovery stay.

On the basis of Habitat's Rule 56(d) affidavit, the Court denied summary judgment on March 13, 2015, and set a schedule for additional discovery and the filing of new or renewed summary judgment motions. The Court also imposed sanctions on Habitat, in the form of seventy-five percent of GREH's costs related to the summary judgment motion, after finding that the parties—Habitat in particular, for whom "[i]t should have been obvious . . . that it could not simultaneously seek a stay of discovery and oppose summary judgment on the grounds that there had not been an adequate opportunity for discovery," ECF No. 40 at 3—had acted irresponsibly with regard to their representations to the Court.

In a motion filed with the Court on March 19, 2015, GREH requested an award of $26,957.85 in costs. On March 27, 2015, Habitat moved the Court to reconsider the sanctions, arguing, among other things, that the Court had denied Habitat due process by imposing the sanctions without adequate notice and an opportunity to be heard. On March 30, 2015, the Court

3

vacated the sanctions in order to afford Habitat "a fulsome opportunity to show cause why they should not be awarded." ECF No. 45. On April 13, 2015, Habitat filed a brief in opposition to sanctions. GREH filed its response on April 22, 2015.

### III. Legal Standard

"Rule 11(c) of the Federal Rules of Civil Procedures allows the court to sanction a party, if the court determines that the party has violated Rule 11(b) by making false, misleading, improper, or frivolous representations to the court." *Williamson v. Recovery Ltd. P'ship*, 542 F.3d 43, 51 (2d Cir. 2008) (citing Fed. R. Civ. P. 11). Misrepresentations to a court are also a basis for sanctions imposed under the court's inherent power. *S.E.C. v. Smith*, 710 F.3d 87, 97 (2d Cir. 2013) ("Under . . . the inherent power of the court, sanctions are appropriate where an individual has made a false statement to the court and has done so in bad faith.").

Rule 11 sanctions imposed "*sua sponte* without affording the offender the opportunity to withdraw the challenged document in the manner provided in the 'safe harbor' provision of Rule 11(c)(1)(A) . . . should issue only upon a finding of subjective bad faith." *Muhammad v. Walmart Stores E., L.P.*, 732 F.3d 104, 108 (2d Cir. 2013). Similarly, "[w]hen a district court invokes its inherent power to impose attorney's fees or to punish behavior by an attorney in the . . . conduct of the litigation, which actions are taken on behalf of a client, the district court must make an explicit finding of bad faith." *United States v. Seltzer*, 227 F.3d 36, 41-42 (2d Cir. 2000) (quotation marks and citations omitted). An action is taken in bad faith if it is "motivated by improper purposes such as harassment or delay." *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012). "[B]ad faith may be inferred only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Id.* (quotation marks and citation omitted).

## IV. Discussion

### A. The Stay Motion Was Misleading

At the same time that Habitat moved to stay discovery, claiming that it was in its best interest to avoid further discovery, it filed a summary judgment motion in which it purported to be aghast that GREH was "*inexplicably* mov[ing] for summary judgment . . . before any meaningful discovery has been completed" in a "thinly-veiled attempt to prevent [Habitat] from discovering evidence that will establish GREH's liability." ECF No. 30 at 1 (emphasis added). Further, Habitat asserted that there were "material issues of fact [that] can only be resolved through the discovery process" and that "courts rarely grant motions for summary judgment before adequate discovery has taken place." *Id.* at 2. In other words, Habitat was complaining about a problem that it had itself, in a different filing with the Court made at the same time, participated in creating.

Habitat now argues that its contorted, seemingly disingenuous position on discovery nonetheless had a proper basis. Habitat claims that it filed the motion to stay discovery because, although it believed that it was entitled to further discovery and was opposing summary judgment on that ground (including as to GREH's lender-exemption defense to the CERCLA claim), it was nonetheless concerned that the Court might, without awaiting a fuller record, find that the CERCLA claim was precluded by the lender-exemption defense, and that while the Court was reaching its conclusion, the parties would spend money on CERCLA-related discovery that would then be rendered useless.

There may well be a proper cost-saving basis for a party's seeking, as Habitat did, to halt discovery *now* even while arguing that it is entitled to further discovery *at some point*. But the mere fact that Habitat might have a proper basis for taking that position does not make it any less

5

improper to file a misleading motion, rather than a forthcoming motion, in pursuit of that position. *Williamson*, 542 F.3d at 51 ("[A] party has violated Rule 11(b) by making . . . misleading . . . representations to the court."); *Rankin v. City of Niagara Falls*, 293 F.R.D. 375, 392 (W.D.N.Y. 2013) ("Whether Agola had an 'objective basis' to seek any Fed. R. Civ. P. 6(b) scheduling relief from the Magistrate Judge does not justify making misleading representations in subjective bad faith for an improper purpose . . . as a ploy to increase the chances the Magistrate Judge would find good cause for an extension . . . ."), *aff'd sub nom. Rankin v. City of Niagara Falls, Dep't of Pub. Works*, 569 F. App'x 25 (2d Cir. 2014). Although the two portions of Habitat's position—supporting a stay of discovery in one filing, while protesting the dearth of discovery in another—are reconcilable, it was incumbent on Habitat to ensure that its filings were not misleading, by presenting a complete, reconciled picture of its position to the Court, rather than tasking the Court with piecing together its position.

The motion to stay discovery was misleading with regard to Habitat's position. The motion suggested that further discovery was likely to be unnecessary in order to decide the motion for summary judgment (as is often the case where dispositive legal issues have been raised by the summary judgment motion or where the limited discovery that was needed has already been completed), even though it did not contain such a representation in express terms. The joint motion stated that "[d]iscovery in this case is likely to be extensive and very costly to the parties, given the nature of the claims and the factual questions involved" and that "[c]onducting discovery and any proceedings related to it before the motion for summary judgment is decided would force both parties and the Court to expend significant effort and resources prematurely." ECF No. 31 at 2. The clear suggestion of these representations is that

both parties, including Habitat, believed that it was likely the Court would not need further factual development to decide the summary judgment motion.

Further, taken by itself, the statement in the stay motion that "[t]he defendant's motion for summary judgment, if granted, would terminate this litigation, making discovery unnecessary" was, literally, not a representation of anything, but rather merely a recitation of the obvious result of a successful motion for summary judgment—the case ends. Read in the context of the parties' representations about being "force[d]" to "expend significant effort and resources prematurely," however, the statement conveyed that because of the *nature* of the summary judgment motion and the status of the case, the parties were representing that further discovery was likely not necessary for the Court to decide the summary judgment motion. That interpretation was also consistent with the parties' original plan to have a short period of only two and a half months for fact discovery. It also fit with what the Court would typically expect to be the parties' motivations for filing such a motion—that is, a defendant would ordinarily file a summary judgment motion midway through discovery and then move to stay the remainder of discovery only if it believed that its summary judgment arguments were not premature, and a plaintiff who disagreed would voice its opposition, rather than joining the stay motion.

More than anything, the stay motion was misleading in that Habitat made no effort, either in the motion itself or in a separate addendum, to clarify that its position on the need for further discovery was more complicated than would otherwise be suggested by the language of the motion. The stay motion therefore falsely characterized the parties as being in agreement that further discovery was unnecessary to resolve the motion for summary judgment, given that Habitat was *not* in agreement on that point.

### B. Habitat's Subjective Motivation for the Misleading Filing

Habitat's principal defense—that its position on discovery served legitimate cost-saving goals—is no more dispositive of the question of bad faith than it was of the question of whether the stay motion was misleading. Even if Habitat's *position* on discovery was subjectively motivated by the cost-saving goals that it now professes, that would not account for its motivation for filing a misleading motion as a means of advancing that position. Filing a motion with a purpose to mislead a court constitutes bad-faith (and therefore sanctionable) conduct even if the filer desires the requested relief—here, a stay of discovery—for legitimate reasons, such as avoiding litigation costs. Therefore, the question is whether Habitat: (a) acted in bad faith by intentionally filing a misleading motion, instead of a forthcoming motion, as a means of furthering its position; or (b) filed a misleading motion, instead of a forthcoming motion, for other reasons, such as carelessness or the expectation that the Court would piece together its position.

Ordinarily, the fact that Habitat knew that almost no discovery had been propounded with the end of the discovery period near, knew that it was about to oppose summary judgment on the ground that there had been insufficient discovery, and yet filed a misleading motion to stay further discovery that omitted any reference to that information (which would have been critical to the Court's determination of whether to grant the stay) would suggest that the motion was filed in bad faith. It is not difficult to imagine why Habitat would intentionally make the motion misleading. An experienced attorney would see a strategic advantage in omitting a full picture of its position from the stay motion, knowing that it would help persuade the court to grant the stay—a court is generally more inclined to stay discovery based on the parties' joint representation that further discovery is unnecessary, than to stay discovery based on a single

party's professed concern for cost-savings due to the possibility that the court might rule against that party and dismiss one of its claims on partial summary judgment.

But cutting against a finding of bad faith in this case is the fact that Habitat filed both the stay motion and its opposition to summary judgment simultaneously, thereby giving the Court an opportunity to discern the true nature of Habitat's position before ruling on the stay motion, and giving GREH an opportunity to bring the issue to the Court's attention. Thus, although the stay motion itself is misleading as to Habitat's position, it seems unlikely that Habitat actually intended to mislead the Court. Habitat may well have known that the Court has a busy docket and limited resources and cannot closely review every dispositive motion filing as it comes in (especially because dispositive motions tend to be much lengthier and more time-consuming to decide than joint procedural motions), but Habitat could not have counted on the Court's limited attention, *and* the defendant's failure to direct the Court's attention, in order to mislead the Court into granting a stay of discovery. By filing an opposition brief asserting that there had been an inadequate opportunity for discovery while at the same time joining a separate motion urging the Court to stay discovery, Habitat laid bare its dubious litigation stance. But in doing so, it also undermined the notion that it was acting in bad faith.

In light of that fact, and in recognition of its broader duty to exercise its sanctions power with "restraint and discretion," *Smith*, 710 F.3d at 97, the Court will not impose sanctions on Habitat.

## V.     Conclusion

For the foregoing reasons, the Court declines to impose sanctions on the plaintiff. The defendant's Motion for Attorney's Fees (ECF No. 42) is DENIED.

**SO ORDERED** this 5th day of June 2015 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge